IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG SKALA,<br><br>　　　　　　　PLAINTIFF,<br><br>　v.<br><br>SPRINT NEXTEL CORPORATION,<br>SPRINT/UNITED MANAGEMENT CO.,<br><br>　and<br><br>CELESTE MILLER,<br><br>　　　　　　　DEFENDANTS. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Greg Skala by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff Greg Skala, a former employee of Defendant Sprint/United Management Company, a wholly owned subsidiary of Defendant Sprint Nextel Corporation (collectively referred to as "Sprint"). Mr. Skala has been harmed by the discrimination, harassment and retaliation he was subjected to by Defendants, and the termination of his employment in retaliation for his complaints regarding that harassment and discrimination.

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(a)(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled.  Mr. Skala filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Pennsylvania Human Relations Commission ("PHRC") on May 30, 2012.  On March 19, 2013, the EEOC issued a Notice of Right to Sue in this matter. This action has been filed within 90 days of receipt of said Notice.  With respect to the PHRA claims herein, this action has been filed more than one year after Plaintiff's filing of his Complaint with the PHRC.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

8. Venue in the Eastern District of Pennsylvania is also authorized pursuant to 42 U.S.C. § 2000(e), et seq.

## PARTIES

9. Plaintiff Greg Skala is a male citizen and resident of Doylestown, Pennsylvania, and the United States of America.

10. Defendant Sprint Nextel Corporation is a corporation duly organized under state law that acted as Plaintiff's employer, that has its headquarters at 6391 Sprint Parkway, Overland Park, Kansas 66251.

11. Defendant Sprint Nextel Corporation does significant business in the Commonwealth of Pennsylvania and is engaged in an industry affecting commerce.

12. Defendant Sprint/United Management Company is a wholly owned subsidiary of Defendant Sprint Nextel Corporation that acted as Plaintiff's employer, with an office located at 1285 Drummers Lane, Suite 300, Wayne, Pennsylvania 19087, where Mr. Skala was employed.

13. Defendant Sprint/United Management Company does significant business in the Commonwealth of Pennsylvania and is engaged in an industry affecting commerce.

14. At all times relevant hereto, Sprint acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Sprint and in furtherance of Sprint's business.

15. Plaintiff's supervisor, Defendant Celeste Miller ("Miller" or "Ms. Miller"), aided and abetted the discrimination, harassment, and retaliation experienced by Plaintiff during his employment with Sprint.

16. At all times relevant hereto, Defendant Miller acted as an agent, servant, manager and/or employee for Sprint.

17. At all times relevant hereto, both Defendant Sprint Nextel Corporation and Defendant Sprint/United Management Company have each employed more than 15 employees.

18. At all times relevant hereto, each of the Defendants acted as a "person" and/or "employer" within the meaning of one or more laws at issue in this suit and are accordingly subject to the provisions of said laws.

19. At all times relevant hereto, Plaintiff Greg Skala was an "employee" of Defendants within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTS

20. In May of 2004, Mr. Skala was hired by Sprint as a Pursuit Manager in Sprint's Business Sales Division.

21. In November of 2006, Mr. Skala was promoted to Enterprise Sales Manager, and he began reporting to Defendant Celeste Miller.

22. In January 2009, Mr. Skala's title changed to Business Sales Manager and he continued reporting to Defendant Miller in this position.

23. Throughout his employment with Sprint, Mr. Skala performed his duties in an excellent manner.

24. Throughout his employment with Sprint, beginning as early as August 2008 and continuing through his termination, Ms. Miller engaged in inappropriate sexual behavior directed toward Mr. Skala.

25. On multiple occasions, continuing throughout his employment until his termination, Ms. Miller engaged in a pattern of constant, unwanted, unwelcome harassment of a sexual nature directed towards Mr. Skala. For example:

    a. After a work-related afternoon meeting, Ms. Miller removed her own clothing, and demanded that Mr. Skala and other employees under her supervision, both male and female, remove their clothing and go swimming with her;

    b. On one or more occasions, Ms. Miller insisted that Mr. Skala accompany her and several female coworkers to a strip club.

26. Mr. Skala made several verbal complaints regarding these incidents and requested meetings to discuss them with Ms. Miller, but his requests and complaints were ignored, and his concerns were not addressed.

27. After his verbal complaints and requests were ignored, Mr. Skala was finally forced to complain to Sprint's Human Resources Department regarding Ms. Miller's inappropriate conduct, including by way of a written complaint on or about December 2, 2011.

28. Instead of appropriately addressing Mr. Skala's complaints, Sprint terminated Mr. Skala, only weeks later, on December 18, 2011, in retaliation for his complaints.

29. Sprint claims to have terminated Mr. Skala in accordance with its policies, using a DUI conviction Mr. Skala had received as its pretextual basis for Mr. Skala's termination.

30. However, Sprint's stated reason for termination is suspicious because Mr. Skala's manager had been aware of the DUI for more than a year and up until the time of his complaints to Human Resources, this conviction had not been an issue.

31. Sprint's stated reason is further suspicious in light of its close proximity in time to Mr. Skala's complaints regarding sexual harassment and discrimination; less than three weeks had elapsed between Mr. Skala's complaints to Human Resources and his termination.

32. As a result of the constant, severe, pervasive, unwanted and unwelcome sexual harassment, discrimination, and retaliation described above Mr. Skala is left uncomfortable, emotionally distraught, humiliated, and in fear.

33. As a result of the constant, severe, pervasive, unwanted and unwelcome sexual harassment, discrimination, and retaliation suffered by Mr. Skala, Mr. Skala has suffered, and continues to suffer severe emotional distress.

34. Defendants and others all acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Mr. Skala severe emotional distress.

### COUNT I
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.)
### Plaintiff v. Sprint Nextel Corporation and Sprint/United Management Company

35. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

36. Based on the foregoing, Sprint has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et seq.

37. In harassing and discriminating against Mr. Skala because of his sex, in fostering and perpetuating a hostile and offensive working environment, and in retaliating against Mr. Skala because of his complaints about discrimination and harassment, Sprint violated Title VII of the Civil Rights Act of 1964.

38. Said violations were intentional and willful.

39. Said violations warrant the imposition of punitive damages.

40. As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Sprint, Plaintiff Greg Skala has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning

41.     power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

41.     Plaintiff Greg Skala is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendants' actions unless and until this Court grants the relief requested herein.

### COUNT II
### (Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.)
### Plaintiff v. All Defendants

42.     Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

43.     Based on the foregoing, Defendants have engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

44.     In sexually harassing, and discriminating against Mr. Skala because of his sex, in fostering and perpetuating a hostile and offensive working environment, and in terminating Mr. Skala in retaliation for his complaints about discrimination and harassment, Defendants violated the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

45.     Defendant Miller aided and abetted Sprint's discrimination, harassment, and retaliation.

46.     As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendants, Plaintiff Greg Skala has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

47. Plaintiff Greg Skala is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendants' actions unless and until this Court grants the relief requested herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Greg Skala respectfully requests that this Court enter judgment in his favor and against Defendants Sprint Nextel Company, Sprint/United Management Company, and Defendant Celeste Miller:

a. Declaring that the acts and practices complained of herein violate Title VII;

b. Declaring that the acts and practices complained of herein violate the PHRA;

c. Awarding compensatory damages to Plaintiff Greg Skala to make Plaintiff whole for all past and future lost earnings, benefits, and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendants' conduct;

d. Awarding compensatory damages to Plaintiff Greg Skala for past and future emotional upset, mental anguish, loss of reputation, humiliation, loss of life's pleasures, and pain and suffering.

e. Awarding punitive damages to Plaintiff Greg Skala;

f. Awarding Plaintiff Greg Skala costs of this action together with his reasonable attorneys' fees;

g. Awarding Plaintiff Greg Skala such other damages as are appropriate under Title VII, the PHRA, and any other applicable laws; and

h. Granting such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Greg Skala hereby demands trial by jury as to all issues so triable.

                                                                                         _____
                                                                                         James A. Bell, IV, Esquire
                                                                                         PA Attorney I.D. #81724
                                                                                         Christopher A. Macey, Jr., Esquire
                                                                                         PA Attorney I.D. #207800
                                                                                         Bell & Bell, LLP
                                                                                         1617 JFK Blvd. – Suite 1020
                                                                                         Philadelphia, PA  19103
                                                                                         (215) 569-2500

                                                                                         Attorneys for Plaintiff

DATED:       June 14, 2013